IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH FOWLER,

                Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendant.

ORDER

19-cv-704-wmc

---

Plaintiff Kenneth Fowler is proceeding in this civil action on an ADA claim that the Wisconsin Department of Corrections improperly denied him access to Wisconsin's Talking Books Program. At plaintiff's request, the court recruited counsel Bryan House and Katelynn Williams of the law firm of Foley & Lardner in Milwaukee and Madison, Wisconsin, respectively, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter their appearances as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a status conference to set the dates in this case. Plaintiff's counsel should contact the Oshkosh Correctional Institution for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of the conference, the clerk's office will be directed to set that conference in mid-June as the court's schedule allows.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they


take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorneys of record. Plaintiff must also work directly and cooperatively with his attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

## ORDER

IT IS ORDERED that the clerk's office enter Bryan House and Katelynn Williams of the law firm of Foley & Lardner as plaintiff's *pro bono* counsel of record and to set this case for a status conference in mid-June as the court's schedule allows.

Entered this 19th day of April, 2022.

                                      BY THE COURT:

                                      /s/

                                      WILLIAM M. CONLEY
                                      District Judge